# EXHIBIT B

**STATE OF NORTH DAKOTA**
**County of Cass**

**DISTRICT COURT**
East Central Judicial District

Lauren Nicole Knecht,

Plaintiff,

v.

Trans Union LLC,

Defendant.

**COMPLAINT**

Plaintiff, by and through her attorney, for her complaint against Defendant upon personal knowledge as to her own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

**INTRODUCTION**

The following case involves a major credit reporting agency falsely reporting incorrect information concerning United Accounts Inc (14776-). Defendant Trans Union, LLC ("Trans Union"), has repeatedly reported incorrect information despite Plaintiff's attempts to correct the highly prejudicial false credit information contained in Plaintiff's report. Despite repeated attempts to correct this information, Defendant failed to respond to Plaintiff's dispute, yet failed to delete the information as required by law. The effect of Defendant's actions was damage to Plaintiff's credit score frustrating, if not totally preventing, her ability to utilize the credit system. Based on the false information reported by Defendant, Plaintiff was damaged due to inaccurate information. Without other recourse

available and after numerous attempts to amicably resolve this matter, Plaintiff commenced the action.

## PARTIES

1. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of North Dakota and in the County of Cass.

**2.** Trans Union, LLC ("Trans Union") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Delaware: Trans Union has a service of process address listed as 600 S 2nd Street, Suite 155, Bismarck, ND 58504.

## FACTS

3. Plaintiff is an individual, and, therefore, at all times mentioned herein was a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

4. Defendant ("CRA") prepared and issued consumer reports concerning Plaintiff that included false and inaccurate information.

5. In April 2021, Plaintiff noticed that there was an account that was inaccurately reporting on her credit report. Specifically, she noticed that United Accounts (14776-) was reporting inaccurate dates of first delinquency.

6. Plaintiff's balance on the account was also inaccurately reporting on her credit report.

7. Plaintiff had made payments on this account substantially and the balance should not be this high.

8. Plaintiff promptly disputed the inaccurate account with the CRA.

9. Specifically, Plaintiff sent Defendant such notice via certified mail on or about October 3, 2023.

10. Plaintiff is in possession of copies of those letters verified as accurate and unchanged by a third party, and Plaintiff is in possession of certified mail receipts proving the letters were mailed and delivered.

11. Defendant failed to respond to Plaintiff's dispute yet failed to delete the information as required by law.

12. Various individuals seeking to lend to Plaintiff consulted the consumer reports furnished by Defendant containing the false and misleading information at issue.

13. As a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation and has been unfairly excluded from the benefits of the credit system.

14. Plaintiff was further harmed by incurring legal and professional fees in consulting with various experts regarding the course of action for correcting the errors and in bringing this suit.

## APPLICABLE STATUTORY LAW

15. CRAs that sell consumer reports must comply with the FCRA. FCRA Section 604, 15 USC § 1681i(b), requires CRAs to assure that users have a permissible purpose for the use of consumer reports. The Consumer Financial Protection Bureau has recently emphasized the growing importance of the FCRA's data privacy protections.1

16. FCRA Section 607(b), 15 U.S.C. § 1681e(b), requires a CRA to establish and follow reasonable procedures to assure the maximum possible accuracy of consumer report

[1] https://www.govinfo.gov/content/pkg/FR-2022-07-12/pdf/2022-14823.pdf

information, including assuring that only information pertaining to the consumer at issue is contained in his or her report and that procedures exist to assure outdated information is not contained on consumer reports.

17. Section 611 of the FCRA, 15 U.S.C. § 1681i, requires a CRA, upon notice of disputed information, to conduct a reasonable reinvestigation to determine the accuracy of information disputed by a consumer who is the subject of a report.

18. The same section requires that notice of the reinvestigation to be promptly provided to the furnisher of the credit information.

19. CRAs must also assure that outdated and obsolete information is removed from reports. Section 605 of the FCRA, 15 U.S.C. § 1681c addresses the maximum time that various accounts may be listed on a consumer credit report.

**FIRST COUNT**

**Willful Noncompliance with the FCRA**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The CRA willfully failed to comply with the requirements of FCRA, including but not limited to:

a. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

b. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed.

c. failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

d. failing to comply with the requirements of 15 USC § 1681g;

e. failing to comply with the requirements of 15 USC § 1681i; and

As a result of Defendant's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

**SECOND COUNT**

**Negligent Noncompliance with the FCRA**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The CRA negligently failed to comply with the requirements of FCRA, including but not limited to:

a. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

b. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed.

c. failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

d. failing to comply with the requirements of 15 USC § 1681g;

e. failing to comply with the requirements of 15 USC § 1681i; and

24. As a result of Defendant's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

**Jury Demand**

25. Plaintiff hereby demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff, by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. statutory damages in an amount up to $1,000.00 per violation per plaintiff, pursuant to 15 U.S.C. §1681n;

c. Injunctive relief prohibiting such conduct in the future;

d. Reasonable attorney's fees, litigation expenses, and cost of suit; and

e. Any other relief deemed appropriate by this Honorable Court.

Dated: February 5, 2024

**MINNDAK LAW, PLLC**

/s/Catrina Smith
Catrina Smith (#0403229)___
625 Main Ave, Suite 152
Moorhead, MN 56560
701.840.6993
Csmith@minndaklaw.com
ATTORNEY FOR PLAINTIFF